STATE, LAMBERT L. HOWELL, PROSECUTOR, v. E. V. RICHARDS, RECEIVER OF TAXES FOR THE CITY OF TRENTON.

1. The provision in the charter of the city of Trenton, that real estate in said city shall be assessed for all purposes without any deduction for any indebtedness whatever, is a local and special law inconsistent with the general tax law (*Rev., p.* 1157, ₹ 78,) and so far as inconsistent therewith was abrogated by paragraph 12 of the amended constitution.
2. A tax-payer and resident in the city of Trenton, owning real and personal property taxable in said city, is entitled to have debts *bona fide* due and owing by him to creditors residing in this state deducted from the taxable valuation of his real and personal estate.

---

On *certiorari*.    On matter of taxation.

Argued at November Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in *certiorari*, L. L. Howell.

*Contra, Andrew Jas. Smith.*

The opinion of the court was delivered by

DEPUE, J. The prosecutor is a resident of the city of Trenton, and the owner of real and personal estate in said city. His personal estate was valued and assessed for taxation for the year 1884 at $1419.97, and his real estate situate in the city at $4592. He was indebted to creditors residing in this state in the sum of $4976. He made the affidavit

required by the statute, and claimed a deduction from the taxable valuation of his real and personal estate of the amount of such indebtedness. No part of his indebtedness was secured by mortgage. The assessor allowed the deduction *pro tanto* from the taxable valuation of his personal estate, but denied it with respect to the real estate. On appeal to the commissioners of appeal that body sustained the action of the assessor.

Section 20 of the general tax act of 1866 provides for a deduction from the valuation of the real and personal estate of individuals of any debt or debts *bona fide* due and owing by him to creditors residing in this state. *Rev.*, *p.* 1157, § 78. The prosecutor complied with the requirements of that section, and also with those of the act of 1878 (*Pamph. L., p.* 213,) with respect to the affidavit which should be presented in order to obtain such deduction.

The rejection of the prosecutor's claim to have the deduction made from so much of the taxable valuation as was in real estate was made in compliance with the provisions of the second section of an act approved April 9th, 1875, amending the charter of the city. That section provides that all real estate in said city should be assessed for all purposes, without any deduction for any indebtedness whatever. *Pamph. L.* 1875, *p.* 590. This act was in force when the amendments of 1875 to the constitution took effect. It was a special law, applicable only to the city of Trenton. It provided for a valuation of property for the purposes of taxation variant from the provisions of the general law on that subject. It laid upon the individual tax-payer a greater burden of taxation than was imposed on tax-payers similarly situated elsewhere in the state, and a greater burden upon the taxable inhabitants of the city than was borne by taxable inhabitants elsewhere. Paragraph 12 of the constitutional amendments put an end to all such existing legislation. *State, North Ward Nat. Bank, pros.,* v. *City of Newark,* 10 *Vroom* 380 ; 11 *Id.* 558 ; *Hardenburgh* v. *Converse,* 4 *Stew. Eq.* 500, 502.

Dodge v. Love.

The prosecutor's indebtedness should be deducted from the entire valuation of his taxable property, real and personal, and the tax for the residue be affirmed, without costs.